Michele Haydel Gehrke (SBN 215647)
mgehrke@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Mona A. Razani (SBN 312234)
mrazani@reedsmith.com
REED SMITH LLP
355 South Grand Ave
Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
United Airlines, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATRELL COTTLE-MOORE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | **CASE NO.**:  2:20-cv-7354<br>**DEFENDANT UNITED AIRLINES INC.'S NOTICE OF REMOVAL**<br><br>Los Angeles County Superior Court Case No.: 20STCV25445<br><br>Compl. Filed:      July 7, 2020 |

**PLEASE TAKE NOTICE** that Defendant United Airlines, Inc. ("United"), removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity under 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Latrell Cottle-Moore ("Plaintiff") and filed with the Clerk of the California Superior Court for the County of Los Angeles, as an exhibit to a Notice to State Court of Removal to Federal Court.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.      Plaintiff filed this action against United on July 7, 2020, in the Superior Court for the County of Los Angeles in a case entitled, *Cottle-Moore v. United Airlines, Inc. et al.*, Case No. 20STCV25445 (the "State Court Action"). United was served with a copy of the Summons and Complaint on July 17, 2020. *See* Declaration of Michele Haydel Gehrke ("Gehrke Declaration") at ¶ 2.

2.      In the State Court Action, Plaintiff's Complaint alleges five (5) state law claims: (1) disability discrimination; (2) failure to prevent discrimination; (3) retaliation; (4) failure to engage in interactive process; and (5) wrongful termination in violation of public policy. *See generally* Complaint ("Compl.")

3.      On August 14, 2020, United timely removed the State Court Action to this Court. *Id.* at ¶ 3. Before this removal, United filed an Answer to the Complaint in state court. *Id.*

4.      Copies of the Complaint, Summons, the Los Angeles Superior Court's First Amended General Order, the Alternative Dispute Resolution Information Package, and United's Answer in the State Court Action are attached to the Gehrke Declaration as **Exhibit A**, and constitute all process, pleadings, and orders purported to be served upon United in this action or filed by United in this action. *Id.* at ¶ 4.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## NO JOINDER NECESSARY

5.     Because there are no other ascertainable defendants in this action, no consent to removal is necessary.

## BASES FOR REMOVAL

6.     This Court has original jurisdiction under 28 U.S.C. § 1332 and United may remove the State Court Action from state court to federal court pursuant to 28 U.S.C. § 1441 because it involves a controversy that exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000) between citizens of different states.

## DIVERSITY JURISDICTION

**Plaintiff's Citizenship**

7.     Plaintiff alleges she is resident of Los Angeles, California. Compl. ¶ 1. A natural person's citizenship is determined by their state of domicile. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Therefore, Plaintiff is domiciled in California.

**United's Citizenship**

8.     Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." United is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois under the "nerve center" test. Declaration of Dorothy Karpierz ("Karpierz") at ¶ 2; *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

**The Parties are Diverse**

9.     As set forth above, complete diversity of citizenship exists here because the parties, Plaintiff and United, are citizens of different states. Additionally, the Complaint does not set forth the identity or status of any said fictitious defendants, nor any charging allegation against any fictitious defendants. The citizenship of these Doe defendants is disregarded for diversity jurisdiction, and therefore cannot destroy the

diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).

**Amount in Controversy Exceeds $75,000**

10.  <u>Legal Standard</u>. A defendant's "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submission." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014). When courts "assess the amount in controversy [they] … include all relief to which a plaintiff is entitled if the action succeeds." *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). The Court must also presume Plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Moreover, United only needs to show by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Here, without conceding that Plaintiff is entitled to any damages or could recover damages in any amount, the Court can reasonably ascertain from Plaintiff's Complaint and her prayer for relief that the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.  <u>Plaintiff's Prayer for Relief</u>.  Plaintiff's Complaint seeks, amongst other relief, general damages, special damages, loss of earnings, attorneys' fees and costs, punitive and exemplary damages, prejudgment interest, and equitable relief. *See* Compl. at p. 18.

12.  <u>Past Earnings</u>: Plaintiff, a former flight attendant with United, separated from employment with United on or about December 18, 2019. *See* Karpierz Declaration ¶ 3; Compl. ¶ 19.  Plaintiff alleges that she was wrongfully terminated.  *See generally* Compl. ¶ 19-20. Plaintiff specifically seeks "loss of earnings." *See* Complaint p. 18. In 2017, when Plaintiff worked all or most of the year, she earned $70,549.27 in

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANT UNITED AIRLINES, INC'S NOTICE OF REMOVAL

reportable W-2 wages. *See* Karpierz Declaration at ¶ 4. Also, in 2018, when Plaintiff worked all or most of the year, she earned $ 79,330.56 in reportable W-2 wages. (*Id.*) In 2019, Plaintiff took considerable time off work and thus earned $26,175.39 in W-2 reportable wages. (*Id.*) Had Plaintiff not separated from her position, United estimates she would have earned at least a comparable amount in 2020 that she earned in years prior, not accounting for regular pay increases Plaintiff may have been scheduled to receive in accordance with her collective bargaining agreement. (*Id.*) Assuming Plaintiff's general weekly income was $1,525.59 (2018 reportable W-2 wages of $79,330.56/52 weeks in a year), Plaintiff's alleged "loss of earnings" or purported past economic damages from her date of separation on December 18, 2019 to date, August 14, 2020, is **$51,870.06** (34 weeks). Moreover, alleged Plaintiff's "loss of earnings" from August 14, 2020 through the date of trial, assuming a trial date of July 7, 2021 (conservatively estimating one year from Plaintiff's filing of the Complaint) is *an additional* **$70,177.14**. Therefore, Plaintiff's purported past economic damages alone satisfies the amount in controversy requirement. Plaintiff also received dental insurance, medical insurance, a 401(k) plan, profit sharing, days and other benefits not included in this figure. *See* Karpierz Declaration at ¶ 5.

13.　<u>Front Pay/Future Economic Damages</u>. Because Plaintiff seeks "loss of earnings," to the extent Plaintiff seeks future damages or front pay, such front pay awards in California span several years. *See e.g. Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached which was four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d. 695, 705 (1972) (ten years). Assuming a front-pay award of two years from the trial date, Plaintiff purported front-pay award would be **$158,661.12**.

14.　<u>Attorneys' Fees</u>. Plaintiff further seeks an award of attorneys' fees. *See* Compl. at p. 8. It is well settled in the Ninth Circuit that where attorneys' fees are authorized by statute, they are appropriately part of the calculation of the amount in

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANT UNITED AIRLINES, INC'S NOTICE OF REMOVAL

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

controversy. *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). The prevailing plaintiff under a Fair Employment Housing Act (FEHA) claim is entitled to attorney fees as a matter of right. *Simmons*, 209 F. Supp. 2d 1029 at 1034. "Such fees necessarily accrue until the action is resolved." *Id.* Attorney fee awards for FEHA cases in California can be substantial, and on its own, can exceed the amount in controversy. *See e.g. Wysinger v. Automobile Club*, 157 Cal. App. 4th 413, 430-432 (2007) (affirming $978,791.00 attorneys' fees award in a FEHA discrimination action). Therefore, statutory attorney fee awards should be considered for the amount in controversy.

15.   <u>Punitive Damages</u>. Plaintiff also seeks to recover punitive damages. Compl. at p. 18. "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943). "Punitive damages are available under FEHA." *Simmons*, 209 F. Supp. 2d 1029 at 1033. Indeed, Punitive damages in discrimination cases may be "substantial." *Hurd v. Am. Income Life Ins.*, 2013 WL 5575073, *7 (C.D. Cal. Oct. 10, 2013); *see also Simmons*, 209 F. Supp. 2d 1029 at 1033 ("jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases.").

16.   <u>Emotional Distress Damages.</u> Plaintiff further seeks to recover emotional distress damages (identified specifically in the Complaint as "general damages"). Compl. at p. 18. Emotional distress damages are considered for the amount in controversy. *See Kroske v. U.S. Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005) ("district court properly considered . . . emotional distress damage awards in similar age discrimination cases . . ."). Emotional distress damages in California discrimination cases can also be sizeable. *See e.g. Ramirez v. Little Caesars Enterprises, Inc*., 2:18-CV-07993-AB-JPR, 2018 WL 5816107, at *11 (C.D. Cal. Nov. 2, 2018) ("emotional distress damages ranged from $500,000 to $2.5 million"). United denies that punitive

and emotional distress damages should be awarded here; however, for purposes of the amount in controversy requirement, these claimed damages should be considered and in of itself exceeds the amount of controversy requirement.

17.     While United denies any liability in connection with Plaintiff's claims, because diversity of citizenship exists and the amount in controversy exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. §1332(a).

18.     By filing this Notice of Removal, United does not waive its right to seek to compel arbitration, or to object to jurisdiction over the person, or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be qualified to assert.

## **VENUE**

19.     The State Court Action is being removed from the Superior Court of the State of California, County of Los Angeles. *See generally* Complaint. As such, venue lies in the Central District of this Court pursuant to 28 U.S.C. §§1441 and 1446(a).

## **TIMELINESS OF REMOVAL**

20.     This Notice of Removal is timely because United has removed within 30 days of service. 28 U.S.C. § 1446(b).

## **CONCLUSION**

WHEREFORE, United gives notice that the State Court Action pending against it in the Superior Court of the State of California for the County of Los Angeles is removed to this Court.


DATED: August 14, 2020

REED SMITH LLP


By: /s/ Michele Haydel Gehrke_____
Michele Haydel Gehrke
Mona A. Razani
Attorneys for Defendant
United Airlines, Inc

7

REED SMITH LLP

A limited liability partnership formed in the State of Delaware